IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYION BALL** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 24-CV-5577** |
| | : | |
| **STEVEN ANGELLUCCI**, *et al* | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                                          JANUARY 3, 2025

      Plaintiff Kyion Ball, a *pro se* convicted and sentenced prisoner currently incarcerated at SCI Fayette, initiated this civil action pursuant to 42 U.S.C. § 1983 by filing a Complaint against Steven Angelucci, the Warden at the Curran-Fromhold Correctional Facility ("CFCF").[1]  Ball

---

[1] According to the body of the Complaint, it appears that Ball's complaint is against only Angelucci though he appears to list other defendants in the caption of the complaint. *See* ECF No. 1 at 2. However, even if Ball had intended to name CFCF as a defendant, a jail is not a "person" subject to liability under § 1983. *See Sanabria v. St. Luke's Hosp. (Sacred Heart Campus)*, No. 20-4091, 2020 WL 7495665, at *6 (E.D. Pa. Dec. 21, 2020); *see also Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010). Accordingly, any claims against CFCF would be subject to dismissal with prejudice.

      It also appears from the caption of the Complaint that Ball may have intended to assert claims against Angelucci in his official capacity. However, claims against City of Philadelphia officials named in their official capacity are indistinguishable from claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

      To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the constitutional violation alleged. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019)

alleges several constitutional violations in connection with his April 26, 2006 arrest in Philadelphia County and his subsequent Lycoming County criminal prosecution that resulted in a 2007 conviction. Ball also seeks leave to proceed *in forma pauperis*. For the reasons set forth herein, the Court will grant Ball leave to proceed *in forma pauperis* and dismiss his Complaint.

I.   **FACTUAL ALLEGATIONS**[2]

Ball contends that he is an "illegal prisoner" who was subjected to an "unreasonable search and seizure with no probable cause" in 2006. (*See* ECF No. 1 ("Compl.") at 1.) Specifically, Ball alleges that on April 26, 2006, Philadelphia Police Officer Vincent Strain initiated an illegal traffic stop of a vehicle Ball was driving. (*Id.* at 2-3, 10-11.) Ball pulled over "for a few seconds" before fleeing the traffic stop "at high speed." (*Id.* at 3.) Ball then "crashed into a park[ed] vehicle" and fled on foot, but Officer Strain caught up to him and took him "into custody." (*Id.*) Following Ball's arrest, Officer Strain learned that Lycoming County had an outstanding arrest warrant for Ball in connection with the death of Michael Riley on March 27, 2006. (*Id.* at 4.) Ball alleges that he was illegally extradited to Lycoming County on May 10, 2006. (*Id.* at 6-8, 11-12.) He asserts that he "should have been discharged" from Philadelphia custody on May 10, 2006, but was "instead taken into custody for a Lycoming County warrant of arrest of criminal homicide" following a "tainted identification" and "an unreasonable search and seizure with no probable cause" of a wireless cell phone conversation that occurred on March 27, 2006. (*Id.* at 7-8, 15-16.)

---

(citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Ball fails to allege that he was injured due to a policy or custom of the City. Indeed, he fails to make any policy allegations at all. For this reason, any official capacity claims for money damages are subject to dismissal.

[2]   The facts are taken from Ball's Complaint, which consists of thirty-seven handwritten pages, and the Court adopts the pagination supplied by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are gleaned from the Complaint and publicly available dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

In Lycoming County, Ball was charged with the shooting death of Michael Riley and the wounding of Anthony Barasky. *See Ball v. Cameron*, No. 12-894, 2017 WL 9856245, at *1 (M.D. Pa. May 15, 2017), *report and recommendation adopted sub nom.*, *Ball v. McGinley*, 2018 WL 3426236 (M.D. Pa. July 16, 2018). Following a bench trial in the Court of Common Pleas of Lycoming County, Ball was convicted on March 15, 2007 of numerous offenses, including criminal homicide and aggravated assault. *Id.* (citing *Commonwealth v. Ball*, No. CP-41-CR-0000834-2006 (C.P. Lycoming).) On June 5, 2007, Ball was sentenced to life in prison. (*Id.*)

In his Complaint, Ball challenges the April 26, 2006 traffic stop, his May 10, 2006 extradition to Lycoming County, and the Lycoming County criminal prosecution that resulted in his March 15, 2007 conviction. In short, Ball alleges that probable cause was lacking at the time of his arrest and at all stages of his criminal prosecution, rendering him an illegal state prisoner. (Compl. at 16-28.) He seeks millions of dollars in monetary relief. (*Id.* at 30-37.) Ball also seeks the expungement of all traffic violations and criminal records. (*Id.* at 27-28.) Finally, Ball seeks property and money from his grandmother's estate because she died while he was being held as an illegal prisoner. (*Id.* at 29.)

II.     **STANDARD OF REVIEW**

The Court will grant Ball leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[3] Because Ball is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Ball is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Cmwlth. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)).

### III.   DISCUSSION

Ball asserts claims under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   *Heck*-Barred Claims

To the extent Ball's claims challenge the constitutionality of his convictions and imprisonment, and his prosecution to the extent it led to his conviction, his claims are not cognizable in a civil rights action at this time. That is because, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter

the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Ball alleges throughout his Complaint that probable cause was lacking at all stages of his criminal prosecution, rendering him an "illegal state prisoner." (Compl. at 16-28.) He seeks damages to compensate him for losses he sustained because of his conviction and imprisonment. However, the Complaint does not allege that Ball's convictions were invalidated, rather, the public docket indicates that his convictions are still intact. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]"). Since success on Ball's claims challenging the prosecution that led to his convictions and imprisonment would necessarily imply the invalidity of those convictions, these claims are not currently cognizable in this § 1983 action. In other words, any claims for damages based on the alleged unconstitutionality of Ball's convictions are not cognizable in a civil rights action at this time. Accordingly, the Court will dismiss these claims without prejudice to Ball refiling them in a new lawsuit only in the event his convictions are ultimately invalidated. *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck* applied to litigant's claims "asserting that fabricated evidence was used to pursue a criminal judgment"); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (*per curiam*) ("Nash's malicious-prosecution and speedy-trial claims — which challenge his post-arraignment detainment — are barred by the favorable-termination rule of [*Heck*]."); *Telepo v. Martin*, 359 F. App'x 278, 280 (3d Cir. 2009) (*per curiam*) (claims were not cognizable under § 1983 when they were "based on alleged violations of [plaintiff's] Sixth Amendment right to assistance of counsel during the sentencing phase of his criminal trial"). Further, to the extent he seeks to challenge the constitutionality of

his conviction and sentence in federal court, such relief is only available to him in a *habeas* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

### B.  Time-Barred Claims

Ball's false arrest, false imprisonment, and unlawful search and seizure claims are not the type of claims that are categorically barred by *Heck*. However, these claims fail because they are time barred. *See Heck*, 512 U.S. at 487 n.7 (discussing unlawful search claims); *Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Illegal search and seizure claims generally accrue at the time of the searches and seizures because that is when plaintiff knows or should know of his injury. *See, e.g.*, *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time").

Ball filed his Complaint on October 18, 2024. His arrest and the related searches and seizures took place in 2006. (Compl. at 3-4.) It is also apparent from the Complaint and the state court docket that Ball was charged shortly thereafter with various crimes and that he was held pursuant to process long before he was convicted on March 15, 2007. (*Id.* at 7; *Commonwealth v. Ball*, No. CP-41-CR-0000834-2006 (C.P. Lycoming).) Accordingly, Ball's claims challenging his arrest, his related imprisonment before he was held pursuant to process, and the allegedly unlawful searches and related seizures are time-barred since they were not filed within two years of when they accrued. Since Ball cannot cure the defects in these claims, they will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Ball leave to proceed *in forma pauperis* and will dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ball's *Heck*-barred claims will be dismissed without prejudice to him filing a new civil rights complaint *only* in the event his convictions are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). The balance of the Complaint is dismissed with prejudice because Ball cannot cure the defects in his time-barred claims. An appropriate Order follows, dismissing this case.

*NITZA I. QUIÑONES ALEJANDRO, J.*