IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYION BALL** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 24-CV-5577 |
| | : | |
| **STEVEN ANGELLUCCI** | : | |
| *Defendant* | : | |

**O R D E R**

**AND NOW**, this 3rd day of January 2025, upon consideration of Kyion Ball's *Motion to Proceed In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 1), it is hereby **ORDERED** that:

1. Motion to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Kyion Ball, # GZ-7653, shall pay the full filing fee of $350 in installments, to the Clerk of Court pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Fayette or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Ball's inmate account; or (b) the average monthly balance in Ball's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Ball's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Ball's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Fayette.

4. The Complaint is **DEEMED** filed.

5. The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect that Steven Angellucci is named as the sole Defendant.

6. The Complaint is **DISMISSED** for the reasons set forth in the Court's Memorandum as follows:

   a. Ball's claims challenging his prosecution to the extent it led to his conviction and imprisonment or otherwise challenging the constitutionality of his conviction or imprisonment are **DISMISSED, without prejudice,** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Ball filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated; and

   b. Ball's remaining claims are **DISMISSED, with prejudice**.

7. The Clerk of Court shall **CLOSE** this case.

              BY THE COURT:

              /s/ *Nitza I. Quiñones Alejandro*
              **NITZA I. QUIÑONES ALEJANDRO**
              *Judge, United States District Court*